# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **JOHN L. EASLEY & CHRISTIE M. EASLEY,** | Bankruptcy No. 19-08104 |
| Debtors. | Honorable Judge LaShonda A. Hunt |
| **CINDY M. JOHNSON, not individually but as the Chapter 7 Trustee of the Estate of John L. Easley and Christie M. Easley,** | |
| Plaintiff, | Adversary No. |
| v. | |
| **JOHN L. EASLEY & CHRISTIE M. EASLEY,** | |
| Defendants. | |

## ADVERSARY COMPLAINT TO REVOKE DEBTORS' DISCHARGE

Cindy M. Johnson, not individually but as the chapter 7 trustee (the "*Trustee*" or "*Plaintiff*") of the bankruptcy estate (the "*Estate*") of John L. Easley & Christie M. Easley (the "*Debtors*"), brings this adversary action against the above named Defendants, John L. Easley and Christie M. Easley (referred to as the "*Defendants*") and in support thereof, states the following:

### JURISDICTION AND VENUE

1. This adversary proceeding arises in the Debtors' Chapter 7 bankruptcy case, pending before this Court as case number 19-08104 (the "*Case*").

2. On March 22, 2019 Debtors filed a voluntary petition for relief under Chapter 7 of title 11, United States Code (11 U.S.C. § 101, *et seq.*, the "Bankruptcy Code") commencing the underlying bankruptcy Case (the "*Petition Date*").

3. Pursuant to 28 U.S.C. § 1334(b), this Court has subject matter jurisdiction over this proceeding, which is referred here pursuant to 28 U.S.C. §157(a) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

4. This is a core proceeding under 28 U.S.C. §157(b)((2)(B), (E) and (H), and this Court has constitutional authority to enter final judgments and orders thereon. In the event that it is determined that any portion of this proceeding is not a core proceeding or that a bankruptcy judge does not have constitutional authority to enter final judgments in this proceeding, the Trustee consents, pursuant to 28 U.S.C. § 157(c)(2), to a bankruptcy judge hearing and finally determining the proceeding and entering appropriate orders and judgments.

5. This Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. §1409.

## BACKGROUND FACTS

I. The Parties and other Actors in this Case

6. Plaintiff is the duly appointed chapter 7 trustee of the Estate.

7. John L. Easley and Christie M. Easley are the Debtors in the underlying bankruptcy Case.

8. Interstate Funding Corp. ("Interstate") and its corporate affiliate, Galaxy Sites LLC ("Galaxy"), are Illinois corporate entities in good standing, located in Evanston, Illinois that purchased and took title to certain residential real estate of the Debtors, as more fully described below, by payment of delinquent real estate taxes owed to the Will County Clerk.

9. Maxx Inc. is an Illinois corporation in good standing, located in Vernon Hills, Illinois. On information and belief, Mitchell Rattner ("Rattner") is its president and owner.

10. On information and belief, Rattner is the settlor and beneficial owner of a certain land trust known as Trust Number SBL-4771 dated March 13, 2019 (the "Land Trust"). As described herein, the Land Trust purports to have had title to the Debtors' residential real estate pursuant to a Quitclaim Deed in Trust, since March 20, 2019 until the present.

## II. The Real Estate and its Sale for Delinquent Taxes

11. In 2010, the Debtors took a one-hundred percent interest, by way of a warranty deed, in the property located at 14136 Hunt Club Lane, Plainfield, Illinois, having pin no. 06-03-02-401-043-0000 (the "Property"). They have lived at the Property as their residence until the present date.

12. On information, the Property's actual fair market value exceeds $270,000.

13. The Debtors became delinquent in the real estate taxes owed on the Property. According to the records of the Will County Clerk, on or about December 3, 2015, the Property was sold to Interstate Funding Corp. ("Interstate") for payment of $22,428.87 (the "Tax Sale") in delinquent taxes and certificate of purchase no. 14-000482 was issued to Interstate's affiliate company, Galaxy Sites LLC ("Galaxy"). The foregoing were issued in the Will County Circuit Court in tax sale case no. 18 TX 142 (the "Tax Sale Case"). **Group Exhibit 1**, Interstate's Application for Tax Deed and Certificate of Purchase.

14. After the Tax Sale, the Debtors did not redeem the Property as provided for under the Illinois Property Tax Code.

15. In the Tax Sale Case, the Will County Circuit Court entered a default judgment in favor of the tax purchaser, and on or about April 10, 2019 issued an order directing the Will County Clerk to issue a tax deed to Galaxy.

16. Thereafter, the Will County Clerk issued the tax deed on the Property to Galaxy, which was recorded on April 15, 2019. **Exhibit 2**, Tax Deed.

## III. The Debtors' Chapter 7 Petition

17. On March 22, 2019, the Debtors filed their voluntary petition under Chapter 7 (the "Chapter 7 Petition") in the United States Bankruptcy Court.

18. On the same date, they filed their original schedules and statement of financial affairs which are attached hereto as **Group Exhibit 3**.

## IV. Transaction by the Debtors and Maxx Inc. to Recover Interest in the Property

19. Fourteen days after filing the Chapter 7 Petition, on April 5, 2019, the Debtors appeared through counsel in the Tax Sale Case and filed a motion to vacate the state court's aforementioned judgment on the tax sale and also to vacate that court's order to issue the Tax Deed to Galaxy. **Exhibit 7**, Motion to Vacate & Agreed Order to Vacate.

3

20. At no time did the Debtors or any other party move for relief from the automatic stay that took effect upon the Debtors' filing their Chapter 7 Petition.

21. During the pendency of the Tax Sale Case, the Debtors and Galaxy negotiated a settlement to resolve the Debtors' motion to vacate the judgment on the tax sale that Debtors filed in state court. On or about June 5, 2019, the Debtors and Galaxy entered an Agreed Order that memorialized the terms of their settlement and issued the following relief to the Debtors:

    a. Vacated the April 10, 2019 order directing the Will County Clerk to issue the Tax Deed;

    b. Voided the Tax Deed and declared it "ineffective to transfer title to the Property"; and

    c. Ordered Debtors to "comply with Section 22-80 of the Property Tax Code within 90 days" (i.e., pay the tax delinquency).

Gr. Exh. 7, Motion to Vacate and June 5, 2019 Agreed Order to Vacate (.

22. On or about June 26, 2019, the Debtors' counsel submitted a check to Galaxy from the law firm's trust account for $53,830.32 to Galaxy (the "22-80 Payment"). **Group Exhibit 4**, Check #1120 to Galaxy; Check # 3059 from Maxx Inc. to McGrath and Clark P.C. All of the funds were provided by Maxx/Rattner. On information and belief, Debtors contended or believed at the time that they were obligated, and had an alleged right under the Property Tax Code's section 22-80 to pay, or procure another party on their behalf to pay, said amount to Galaxy to reimburse Galaxy for the latter's payment of delinquent taxes on the Property.

23. On information and belief, *and prior to* filing the Debtors' Chapter 7 Petition, the Debtors entered into an agreement with Maxx/Rattner, in connection with the Property and the Debtor's alleged obligation to make the 22-80 Payment, that contained the following terms:

    a. Maxx/Rattner would provide all of the funds needed for the 22-80 Payment or would otherwise directly pay the 22-80 Payment to Galaxy;

    b. In return for same, Debtors would transfer all of their right and interest in the Property to a Land Trust owned and controlled by Rattner; and

4

      c. Maxx/Rattner would allow and otherwise agreed that Debtors could live rent-free as tenants at the Property for a period of three years after transferring their interest to Maxx/Rattner.

24. On or about March 20, 2019, and *two days prior to filing their Chapter 7 Petition*, the Debtors executed a Quitclaim Deed in Trust that transferred the Property to the Land Trust. **Exhibit 5**, Quitclaim Deed in Trust.

25. At a later date, on June 19, 2019, Maxx/Rattner provided the funds to pay the 22-80 Payment to Galaxy by issuing a check for $53,830.32 to McGrath & Clark PC Trust Account. Gr. Exh. 4.

26. At no time did the Debtors, Maxx/Rattner or any other party move in the Bankruptcy Court for relief from the automatic stay.

27. Maxx/Rattner and the Debtors concealed the Property's transfer, via the Quitclaim Deed in Trust, and did not record it, as required by law, within a reasonable time of the transaction. After executing the Quitclaim Deed in Trust, Maxx/Rattner waited six months before recording it on September 17, 2019. Exhibit 5.

28. In her preliminary investigation of the Debtors' estate, the Trustee conducted the 341 examination of the Debtors on or about May 21, 2019, wherein the Debtors represented that they had an interest in the Property. Accordingly, the Trustee filed a *lis pendens* and notice of bankruptcy, in connection with the Property, with the Will County Recorder of Deeds on or about June 14, 2019. **Exhibit 6**, *Lis Pendens*.

**V.     The Debtors' Representations in Chapter 7 Schedules and 341 Meeting, and Actions to Conceal Assets**

29. On March 22, 2019, the Debtors filed their original schedules and statement of financial affairs which are attached hereto as **Group Exhibit 3**.

30. In response to Question 8 on the Financial Statement of Affairs that asked "within one year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider," the Debtors responded "No." Gr. Exh. 3, pdf page 67.

31. In response to Question 1 on Schedule A/B, which asked "do you own or have any legal or equitable interest in any residence, building, land, or similar property,"

5

the Debtors indicated yes by listing the Real Estate located at the foregoing address of 14136 Hunt Club Lane, Plainfield, IL 60544. They listed its value at $270,000 and stated the "current value" of their interest therein was $270,000. Gr. Exh. 3, pdf page 11.

32. In response to Question 53 on Schedule A/B, the Debtors responded "No" as to "any financial assets you did not already list." Gr. Exh. 3, pdf page 16.

33. The Debtors appeared for the section 341 meeting of creditors on May 21, 2019 (the "341 meeting").

34. At the 341 meeting, the Debtors' stated that their schedules were correct and indicated that they owned the Property as disclosed on their schedules. They did not tell the Trustee or otherwise disclose that they had transferred the Property or had made the $53,830 payment for delinquent taxes or arranged another party to pay it on their behalf.

35. On June 25, 2019, the Debtors were granted an order of discharge pursuant to section 727 of the Bankruptcy Code.

36. Subsequent to the Debtors' receipt of a discharge, the Trustee discovered that the Debtors failed to disclose the following:

    a. That the Property had been transferred via a Tax Deed to the tax purchaser, Galaxy;

    b. That Debtors moved to vacate the judgment for tax sale in the state court and to void the Tax Deed;

    c. that Debtors had received funds or a loan of $53,830 to pay delinquent property taxes, and had in fact paid same for the delinquent taxes or arranged for another party to pay same on their behalf;

    d. that Debtors had transferred the Property to Maxx/Rattner by way of the Quitclaim Deed in Trust; or

    e. that Debtors had entered into an agreement with Maxx/Rattner in connection with the Property's transfer.

37. The Debtors intended to conceal, and did in fact conceal, all the foregoing from the Trustee and the Bankruptcy Court.

38. At the time of their Chapter 7 Petition, the Debtors' interest in the Property constituted property of the estate because, *inter alia*, the Quitclaim Deed in Trust had not been recorded and other terms of the transaction were not fully performed.

39. The Debtors' interest in the Property, other claims in connection with the Property, and any and all resulting proceeds of the Real Estate's Transfer constituted, and continue to constitute, property of the estate.

## COUNT I – REVOCATION OF DISCHARGE
## 11 U.S.C. § 727(d)(2)

40. The Trustee incorporates herein all of the prior allegations of this Complaint as if set forth below.

41. On June 25, 2019, the Debtors received a discharge pursuant to section 727(a) of the Bankruptcy Code.

42. Section 727(d)(2) provides that:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
>
> . . .
>
> (2) the debtors acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee[.]

11 U.S.C. § 727(d)(2).

43. The Debtors knowingly concealed and intentionally withheld from the Trustee the following information about certain assets and claims of the estate:

   a. $53,830 in funds, or credit issued on Debtors' behalf, to pay off the delinquent taxes on the Property;

   b. the issuance of the Tax Deed to Galaxy;

   c. the Debtors' transfer of the Property to Maxx/Rattner and agreement with Maxx/Rattner; and

    d. other assets and claims of the estate.

44. The Debtors received the funds for the 22-80 Payment and knowingly transferred the Property to Maxx/Rattner with the knowledge and intent that they would file the chapter 7 petition a short time thereafter and would not disclose the 22-80 Payment and the Property's transfer in their bankruptcy and otherwise conceal it.

45. Pursuant to section 727(d)(2) of the Bankruptcy Code, the Debtors' discharge should be revoked.

**WHEREFORE**, Cindy M. Johnson, not individually, but as Chapter 7 Trustee of the bankruptcy estate of John L. Easily & Catherine M. Easley, respectfully requests that this Court:

(i) Find that the Debtors willfully failed to report the $53,830 in cash/credit described herein and the Property's transfer to the Land Trust; and

(ii) Pursuant to section 727(d)(2) of the Bankruptcy Code, declaring that the Debtors' discharge granted on June 25, 2019 is revoked; and

(iii) Granting such further relief as is fair and just.

### COUNT II – REVOCATION OF DISCHARGE
### 11 U.S.C. § 727(d)(1)

46. The Trustee incorporates herein all of the prior allegations of this Complaint as if set forth below.

47. On June 25, 2019, the Debtors received a discharge pursuant to section 727(a) of the Bankruptcy Code.

48. Section 727(d)(1) provides that:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if —
>
> (1) such discharge was obtained through the fraud of the debtors, and the requesting party did not know of such fraud until after the granting of such discharge[.]

11 U.S.C. § 727(d)(1).

49. At the time of their 341 meeting and in other communications with the Trustee, the Debtors made intentionally false representations and statements to the Trustee about the following:

   a. The $53,830 in funds, or credit issued on Debtors' behalf, to pay off the delinquent taxes on the Property;

   b. the issuance of the Tax Deed to Galaxy;

   c. the Debtors' transfer of the Property to Maxx/Rattner and agreement with Maxx/Rattner; and

   d. other assets and claims of the estate.

50. The Debtors made the foregoing false representations and statements with the intent to obtain a discharge of their debts. Owing in part to their false representations and statements, and failures to disclose their assets and property information as required by the Bankruptcy Code, the Debtors did in fact obtain a discharge upon the Court's issuing the discharge on June 25, 2019.

51. Pursuant to section 727(d)(1) of the Bankruptcy Code, the Debtors' discharge should be revoked.

**WHEREFORE**, Cindy M. Johnson, not individually, but as Chapter 7 Trustee of the bankruptcy estate of John L. Easily & Catherine M. Easley, requests that this Court:

   (i) Find that the Debtors willfully and intentionally made false representations to the Trustee at the 341 meeting and at other times and places, with the fraudulent intent to obtain a discharge of their debts; and

   (ii) Pursuant to section 727(d)(1) of the Bankruptcy Code, declaring that the Debtors' discharge granted on June 25, 2019 is revoked; and

   (iii) Granting such further relief as is fair and just.

Dated: June 24, 2020

Respectfully submitted,

**Cindy M. Johnson,** not individually but as the chapter 7 trustee of the bankruptcy estate of **John L. Easley & Christie M. Easley**,

9

By: /s/*Daniel J. Nickel*
One of her Attorneys

Zane L. Zielinski (6278776)
Daniel J. Nickel (6278133)
**THE LAW OFFICE OF**
     **ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d.  773-877-3191
f.  815-846-8516
e.  trustee@zanezielinski.com