# GROUP EXHIBIT 4

# McGrath & Clark, P.C.

**Timothy J. McGrath**, ATTORNEY AT LAW
**Timothy A. Clark**, ATTORNEY AT LAW

June 28, 2019

**Via Federal Express**
Mr. Brian Burak
Attorney at Law
3116 RFD
Long Grove, IL 60047

RE:  Will County Tax Deed Case No. 18 TX 142
     Interstate Funding Corp., Petitioner

Dear Brian:

Enclosed please find a check from our trust account in the sum of $53,830.32 payable to Galaxy Sites LLC for the 2280 redemption of the taxes relating to 14136 Hunt Club Drive, Plainfield, IL 60544.

If you have any questions, please feel free to contact me.

Very Truly Yours,

McGRATH & CLARK, P.C.

By: _____
     Timothy A. Clark

TAC/laj
Enc.

**MCGRATH & CLARK, PC**
CLIENT TRUST ACCOUNT
440 SOUTH STATE STREET
MANHATTAN, ILLINOIS 60442

1120

2-2566/710

DATE _6/26/19_

PAY TO THE ORDER OF _Galaxy Sites LLC_ _____ $ 53,830 32/100

_Fifty Three Thousand Eight Hundred Thirty & 32/100_ _____ DOLLARS

BMO Private Bank
BMO Harris Bank N.A.
Chicago, Illinois

FOR _Tax on Purchase Easley Max Inv._

⑈00ⅉⅉ20⑈ ⑈07ⅉ0256 6ⅉ⑈    48ⅉ979 9ⅉ77⑈



**DEPOSIT TICKET** 2-2566/710

**McGRATH & CLARK, PC**
CLIENT TRUST ACCOUNT
440 SOUTH STATE STREET
MANHATTAN, ILLINOIS 60442

BMO Private Bank
BMO Harris Bank N.A.
Chicago, Illinois

DATE _6/20/19_

CHECKS LIST EACH SEPARATELY
1 Maxx Inc
2 United Patriot Pac 53,830 32

$ 53,830.32

⑆5101⑈0029⑆ 4819799177⑈ 20

---

MAXX INC. 10-2009          2-1/710          **3059**
9 CASTLEGATE CT
VERNON HILLS, IL 60061          _6/19_ 20 _19_

Pay To
The Order Of _McGrath and Clark Trust Account_ $ _53830 32/00_

_Fifty Three Thousand Eight Hundred Thirty_ 32/00 Dollars

**JPMORGAN CHASE BANK, N.A.**
WWW.CHASE.COM _14186 Hua club Lane_
_Plainfield_

For _Tax on Purchase_

⑆071000013⑆ 850381294⑈3059

# EXHIBIT 5

UNOFFICIAL COPY

**R2019063761**
**KAREN A. STUKEL**
**WILL COUNTY RECORDER**
**RECORDED ON**
**09/17/2019 01:05:55 PM**
**RECORDING FEES: 42.00**
**IL RENTAL HSNG: 9.00**
**CONSIDERATION: 81,350.00**
**WILL COUNTY TAX: 40.75**
**IL STATE TAX: 81.50**
**PAGES: 3**
**MKE**

# QUITCLAIM DEED
# DEED IN TRUST

The above space is for the recorder's use only

THIS INDENTURE WITNESSETH, THAT the Grantors, John Easley and Christine Easley husband and wife of the County of Will and the State of Illinois for and in consideration of Ten and No/100ths Dollars ($10.00), and other good and valuable considerations in hand paid, Conveys and warrants unto **THE CHICAGO TRUST COMPANY, NA.** its successor or successors, as Trustee under a trust agreement dated the 13 day of March **2019** and known as Trust Number **SBL-4771** the party of the second part whose address is **440 Lake St. Antioch, IL 60002** the following described real estate situated in the County of Lake in the State of Illinois, to wit,

(Note: If additional space is required for legal, attach on a separate 8 ½" x 11" sheet.)

together with all the appurtenances and privileges thereunto belonging or appertaining.

**Permanent Index No.:  06-03-02-401-043-0000**

UNDERSIGNED AGREE THAT THE ADDITIONAL, TERMS AND PROVISIONS ON THE REVERSE SIDE HEREOF SHALL CONSTITUTE A PART OF THIS **QUITCLAIM DEED** IN TRUST AND ARE INCORPORATED HEREIN.

And the said grantors hereby expressly waive and release any and all rights or benefits under and by virtue of any and all statues of the State of Illinois, providing for the exemption of homesteads from sales on execution or otherwise.

In Witness Whereof, the grantors aforesaid have hereunto set their hands and seals this ꞯ0 day of _March_ , 2019.

Christine Easley

_Christie Easly_

John Easley

MAIL      The Chicago Trust Company., N.A.
DEED      c/o SBL # 4771
TO:       440 Lake St .
          Antioch, IL 60002

ADDRESS      14136 Hunt Club Lane
             Plainfield IL 60544
PROPERTY:_____
The above address is for information only
and is not part of this deed.

**TO HAVE AND TO HOLD** the real estate with its appurtenances upon the trusts and for the uses and purposes herein and in the trust agreement set forth.  This deed is made Subject to the lien of every trust deed or mortgage (if any there be) of record in said county given to secure the payment of money, and remaining unreleased at the date of the delivery hereof.

Full power and authority is hereby granted to said trustee to improve, manage, protect and subdivide the real estate or any part thereof; to dedicate parks, streams, highways or alleys and to vacate any subdivision or part thereof; to execute contracts to sell or exchange, or execute grants of options to purchase, to execute contracts to sell on any terms, to convey either with or without consideration; to convey real estate or any part thereof to a successor or successors in trust and to grant to such successor or successors in trust all of the title, estate, powers and authorities vested in the trustee; to donate, to dedicate, to mortgage, or otherwise encumber the real estate, or any part thereof; to execute leases of the real estate, or any part thereof, from time to time, in possession or reversion by leases to commence in praesenti or futuro, and upon any terms and for any period or periods of time, and to execute renewals or extensions of leases upon any terms and for any period or periods of time and to execute amendments, changes or modifications of leases and the terms and provisions thereof at any time or times hereafter; to execute contracts to make leases and to execute options to lease and options to renew leases and options to purchase the whole or any part of the reversion and to execute contracts respecting the manner of fixing the amount of present or future rentals, to execute grants of easements or charges or any kind; to release, convey or assign any right, title or interest in or about easement appurtenant to the real estate or any part thereof, and to deal with the title to said real estate and every part thereof in all other ways and for such other considerations as it would be lawful for any person owning the title to the real estate to deal with it, whether similar to or different from the ways above specified and at any time or times hereafter.

In no case shall any party dealing with said trustee in relation to the real estate, or to whom the real estate or any part thereof shall be conveyed, contracted to be sold, leased or mortgaged by the trustee, be obliged to see the application of any purchase money, rent, or money borrowed or advanced on the real estate, or be obliged to see that the terms of the trust have been complied with, or be obliged to inquire into the necessity or expediency of any act of the trustee, or to be obliged or privileged to inquire into any or the terms of the trust agreement; and every deed, trust deed, mortgage, lease or other instrument executed by the trustee in relation to the real estate shall be conclusive evidence in favor of every person relying upon or claiming under any such conveyance, lease or other instrument, (a) that at the time of the delivery thereof the trust created herein and by the trust agreement was in full force and effect, (b) that such conveyance of other instrument was executed in accordance with the trusts, conditions and limitations contained herein and in the trust agreement or in any amendments thereof and bindings upon all beneficiaries, (c) that the trustee was duly authorized and empowered to execute and deliver every such deed, trust deed, lease, mortgage or other instruments and (d) if the conveyance is made to a successor or successors in trust that such successor or successors in trust have been properly appointed and are fully vested with all the title, estate rights, powers, authorities, duties and obligations of it, his or their predecessor in trust.

The interest of each beneficiary under the trust agreement and of all persons claiming under them or any of them shall be only in possession, earnings, and the avails and proceeds arising from the sale, mortgage or other disposition of the real estate, and such interest is hereby declared to be personal property, and no beneficiary shall have any title or interest, legal or equitable, in or to the real estate as such, but only an interest in the possession, earnings, avails, and proceeds thereof as aforesaid.

If the title to any of the above lands is now or hereafter registered, the Registrar of Titles is hereby directed not to register or note in the certificate of title or duplicate thereof, or memorial, the words "in trust," or "upon condition," or "with limitations," or words of similar import, in accordance with the statute in such case made and provided.

| STATE OF ILLINOIS | ) | I, the undersigned, a Notary Public in and for said County, in the State aforesaid, |
| | )SS | DO HEREBY CERTIFY that John Easley and Christine Easley |
| | | |
| COUNTY OF Will | ) | personally known to me to be the same persons, whose names are subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that they signed, sealed and delivered the instrument as their free and voluntary act, for the uses and purposes therein set forth, including the release and waiver of the right of homestead. |

Given under my hand and notarial seal this 20th day of March 2019.

_Denise A. Toman_ (signature)

Notary Public

My commission expires: 4/29/2022

This instrument was prepared by:

**John Easley**
**14136 Hunt Club Lane**
**Plainfield IL 60544**

Mail subsequent tax bills to:
The Chicago Trust Company., N.A.
C/0 SBL 4771
440 Lake St
Antioch, IL 60002

"OFFICIAL SEAL"
Denise A. Toman
Notary Public, State of Illinois
My Commission Expires April 29, 2022

LOT 145 IN THE RESERVE OF PLAINFIELD UNIT TWO, BEING A SUBDIVISION  OF PART OF THE WEST 3/4
OF THE SOUTHEAST 1/4 OF SECTION  2, TOWNSHIP 36 NORTH, RANGE 9 EAST OF THE THIRD PRINCIPAL
MERIDIAN, ACCORDING YO THE PLAT THEREOF RECORDED DECEMBER 21, 1999 AS DOCUMENT
NUMBER R99-155071, AND CERTIFICATE OF CORRECTION RECORDED JANUARY 6, 2000 AS DOCUMENT
NUMBER R2000-002047, AND CERTIFICATE OF CORRECTION RECORDED JANUARY 25, 2000 AS
DOCUMENT NUMBER R2000-010105, IN WILL COUNTY, ILLINOIS


14136 Hunt Club Lane Plainfield IL 60544 06-03-02-401-043-0000

# EXHIBIT 6

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**R2019036754**

KAREN A. STUKEL
WILL COUNTY RECORDER
RECORDED ON
06/14/2019 10:19:49 AM
REC FEE: 42.00
IL RENTAL HSNG: 9.00
PAGES: 2
KAK

In re:

John Lee Easley and
Christie M. Easley,
Debtors.

Chapter 7

Bankruptcy No. 18-0814

Hon. Pamela S. Hollis

## NOTICE OF BANKRUPTCY (LIS PENDENS)

Notice is hereby given that a bankruptcy case (the "Case") has been commenced and is pending in the above named Court (the "Bankruptcy Court") upon the filing of a voluntary chapter 7 petition by John Lee Easley and Christie M. Easley (the "Debtors") on March 22, 2019. Cindy M. Johnson (the "Trustee") is the duly appointed chapter 7 trustee of the Debtors' bankruptcy estate. The purpose of this Lis Pendens is to place those dealing with the property identified below (the "Real Estate") on notice of the Trustee's interest in the real estate as the successor to any and all interest of the Debtors in the Real Estate. The Real Estate consists of the real property legally described below.

Lot 145 in the Reserve of Plainfield Unit 2, being a Subdivision of part of the West ¾ of the Southeast ¼ of Section 2, township 36 North, Range 9, East of the Third Principal Meridian, according to the Plat thereof recorded December 21, 1999 as Document Number R99-155071, and Certificate of Correction recorded January 25, 2000 as Document Number R2000-010105, in Will County, Illinois.

Common Street Address: 14136 Hunt Club Lane, Plainfield, IL 60544

Tax Parcel: 06-03-02-401-043-0000

UNOFFICIAL COPY

Date:  June 10, 2019

Cindy M. Johnson, not individually but solely
as the chapter 7 trustee of the bankruptcy
estate of John Lee Easley and Christie M.
Easley,

By: _____
One of Her Attorneys

THIS INSTRUMENT WAS PREPARED BY
AND AFTER RECORDING RETURN TO:

Daniel J. Nickel (6278133)
Of Counsel to the Chapter 7 Trustee
One North State, Suite 1500
Chicago, Illinois 60602
d.  773-981-4725
e.  Daniel@nickellawoffice.com

## VERIFICATION

The undersigned, an attorney, being first duly sworn and upon his oath, states that all of the
facts contained in the foregoing Notice of Bankruptcy (Lis Pendens) are true and correct, to the
best of his knowledge, and that he gave notice to the owners of record at their address below by
U.S. mail on June 10, 2019.

John Lee Easley and Christie M. Easley
14136 Hunt Club
Plainfield, IL 60544

Galaxy Sites, LLC
820 Church Street, suite 200
Evanston, IL  60201

_____
Daniel J. Nickel

SUBSCRIBED AND SWORN to before me
this ____ day of _____, 2019
_____
NOTARY PUBLIC

CYNTHIA MURILLO
Official Seal
Notary Public - State of Illinois
My Commission Expires Nov 17, 2020

# GROUP EXHIBIT 7

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
18TX142
Filed Date: 4/5/2019 2:25 PM
Envelope: 4588908
Clerk: JR

STATE OF ILLINOIS     )
                     ) SS.

COUNTY OF WILL       )

IN THE CIRCUIT COURT FOR THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) | |
| OF THE COUNTY COLLECTOR FOR JUDGMENT ) | |
| AND ORDER OF SALE AGAINST LANDS AND ) | |
| LOTS RETURNED DELINQUENT FOR NON- ) | |
| PAYMENT OF GENERAL TAXES AND/OR ) | |
| SPECIAL ASSESSMENTS FOR THE YEAR ) | |
| 2014 AND PRIOR YEARS ) | CASE NO. 18 TX 142 |
| ) | |
| vs. ) | |
| ) | |
| PETITIONER: INTERSTATE FUNDING CORP. ) | |

## MOTION TO VACATE JUDGMENT PURSUANT TO SECTION 2-1203 OF THE ILLINOIS CODE OF CIVIL PROCEDURE

NOW COME the Movants, JOHN LEE EASLEY and CHRISTINE M. EASLEY, by and through their attorneys, McGRATH & CLARK, P.C., and moves this Honorable Court to vacate the order for tax deed entered March 7, 2019, and in support thereof, they state as follows:

1. That the original petitioner herein, INTERSTATE FUNDING CORP., filed a petition for tax deed herein on June 27, 2018, and proceeded to proofs thereon on March 7, 2019, on which date this Honorable Court entered an order for the issuance of a tax deed.

2. That at that time, the Movants, JOHN LEE EASLEY and CHRISTINE M. EASLEY, being under a misapprehension as to the requirement of whether they appear in court or not, did not appear at the scheduled hearing on the tax deed petition.

3. In fact, at that time, no one appeared at the hearing on

the tax deed petition, but/for the Petitioner, INTERSTATE FUNDING CORP. Accordingly, the matter proceeded as a "default" or uncontested hearing, at which the majority of the proofs were presented by an Affidavit.

4.    That your Movants respectfully aver that the order for tax deed should not have been entered, in that the Petitioner failed to strictly comply with §§22-5, 22-10, 22-20 and 22-25 of the Property Tax Code, and all of the requirements of the statutes of the State of Illinois relating to the issuance of a tax deed, including, but not limited to, failure to provide all of the statutorily required notices to individuals interested in the property, failure to properly serve certain notices, errors in the notices provided,  including but not limited to errors as to the years of taxes sold in the take notices, and other errors in the proceedings which may be considered misrepresentations and/or fraudulent. In particular, the taxes which were sold were not only the 2014 taxes, they were also delinquent taxes for 2012 and 2013. This fact should have been obvious to the Petitioner as the amount of the tax sale was $22,427.87, while the annual amount of taxes is about $8,000.00.  The prior years should have been stated on the Sections 22-5, 22-10, 22-20 and 22-25 take notices and the failure to include those prior years is a violation of the strict compliance required by Section 22-40 of the Property Tax Code.

5.    Further,  that  the  Movants  filed  a  Petition  for

Bankruptcy Relief under Chapter 13 in cause number 18 B 4607 on February 21, 2018. On that date, the Automatic Stay in Bankruptcy went into effect pursuant to Section 362 of the United States Bankruptcy Code.

6. That said automatic stay in bankruptcy remained in effect until February 1, 2019, when Movants case was dismissed.

7. At no time that the automatic stay in bankruptcy was in effect did INTERSTATE FUNDING CORP. move to lift the automatic stay in bankruptcy.

8. While the automatic stay was in effect the Petitioner, INTERSTATE FUNDING CORP., filed its Petition for Order for Tax Deed on June 27, 2018, and took several actions to prosecute the Petition for Order for Tax Deed while the automatic stay in bankruptcy was in effect.

8. That Section 362(a) in the United States Bankruptcy Code establishes the automatic stay in bankruptcy and reads in part as follows:

> [A] petition filed under Section 301, 302, or 303 of this title... operates as a stay, applicable to all entities, of—
>
> > (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> >
> > (2) the enforcement, against the debtor or against

> *property of the estate, of a judgment obtained before the commencement of the case under this title;*
>
> *(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;*
>
> *(4) any act to create, perfect, or enforce any lien against property of the estate;*
>
> *(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title. 11 U.S.C. §362(a).*

9.    That the actions of INTERSTATE FUNDING CORP. were a violation of the automatic stay in bankruptcy, and pursuant to applicable bankruptcy law, are void as a matter of law.

10.    That the Movants file this motion pursuant to §2-1302 of the Illinois Code of Civil Procedure.

11.    That less than thirty (30) days have passed since the issuance of the order for tax deed herein, such that this motion is properly brought under §2-1203 of the Illinois Code of Civil Procedure and Section 22-45 of the Property Tax Code.

12.    That the Movants aver that for this court to allow the order for tax deed to stand in the face of their timely motion to vacate would amount to this Court failing to construe the sections of the Illinois Code of Civil Procedure governing relief from default judgments liberally, and would countenance and support the tax deed Petitioner's blatant violation of the automatic stay in the bankruptcy court.

**WHEREFORE**, the Movants, JOHN LEE EASLEY and CHRISTINE M. EASLEY, prays this Honorable Court enter an Order vacating the order for tax deed entered on March 7, 2019, and for the scheduling of this matter for an evidentiary hearing on the Petitioner's Petition for Issuance of Tax Deed at a time and date certain in the future, and for such other and further relief as the Court deems just and equitable in the circumstances.

JOHN LEE EASLEY and CHRISTINE M.
EASLEY, Movants

By: _____
        Timothy A. Clark
        One of their Attorneys

Timothy A. Clark - 06200999
McGRATH & CLARK, P.C.
440 S. State St.
Manhattan, IL 60442
(815) 478-4020
tclark@mcgrathandclarklaw.com

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
18TX142
Filed Date: 6/27/2018 9:53 AM
Envelope: 1318400
Clerk: KJ

IN THE CIRCUIT COURT OF THE 12th JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

IN THE MATTER OF THE APPLICATION OF    )
THE COUNTY COLLECTOR FOR JUDGMENT    )
AND ORDER OF SALE AGAINST LANDS AND    )
LOTS RETURNED DELINQUENT FOR NON-    )   **18TX142**
PAYMENT OF GENERAL TAXES AND/OR    )   NO.
SPECIAL ASSESSMENTS FOR THE YEAR 2014    )   CERTIFICATE NO. 14-00482
AND PRIOR YEARS    )
    )
PETITION OF INTERSTATE FUNDING CORP.    )

PETITION FOR DEED

Now comes Interstate Funding Corp., by its attorney, Brian Burak, and states as follows in support
of its petition for tax deed:

1.   Petitioner or its assignor purchased the following described real estate on 12/3/2015 at
the annual tax sale held on said date by the County Treasurer of WILL County, Illinois; which sale
of said property was held in accordance with the judgment of this court duly entered after due
notice had been made in accordance with the Illinois Property Tax Code:

LEGAL DESCRIPTION

LOT 145 IN THE RESERVE OF PLAINFIELD UNIT 2, BEING A SUBDIVISION OF
PART OF THE WEST 3/4 OF THE SOUTHEAST 1/4 OF SECTION 2, TOWNSHIP 36 NORTH,
RANGE 9, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT
THEREOF RECORDED DECEMBER 21, 1999 AS DOCUMENT NUMBER R99-155071, AND
CERTIFICATE OF CORRECTION RECORDED JANUARY 6, 2000 AS DOCUMENT
NUMBER R2000-002047, AND CERTIFICATE OF CORRECTION RECORDED JANUARY
25, 2000 AS DOCUMENT NUMBER R2000-010105, IN WILL COUNTY, ILLINOIS.

Permanent Index Number: 03-02-401-043-0000

2.   A Certificate of Sale or Purchase evidencing said purchase was thereafter issued and
delivered to your petitioner for the sum of $22,428.87.

3.   Said parcel (s) of real estate has (have) not been redeemed from said tax sale and the
time for redemption will expire on 11/15/2018.

4.   All taxes and special assessments which become due and payable on said parcel (s) of
real estate subsequent to the date of said sale and prior to and including the date of filing this
petition will be redeemed. Prior to the entry of an order directing the County Clerk to issue a tax
deed, all other taxes and special assessments falling due on said parcel (s) of real estate between the
date of filing this petition and the date of said order, if any, will be paid and all forfeitures and sales
occurring in said interval, if any, will be redeemed.

5. All notices required by Illinois law have been or will be given in the manner and at the times provided for by Illinois law and due proof thereof will be presented to the Court.

6. Upon compliance with all the provisions of law relating thereto, petitioner will be entitled to the entry of an order directing the County Clerk to issue a tax deed conveying said parcel (s) of real estate to petitioner unless redemption is made within the time and in the manner provided by law.

WHEREFORE, petitioner prays:

(a) That the Court enter an order directing the County Clerk to issue a tax deed conveying the above described parcel (s) of real estate to petitioner in the event said parcel (s) of real estate is (are) not redeemed within the time and in the manner provided by law.

(b) That the Court issue an order putting the petitioner, as grantee of said tax deed, in possession of said parcel (s) of real estate.

(c) That the Court enter such orders as may be necessary or desirable to maintain petitioner, as grantee of said tax deed, in possession of said parcel (s) of real estate.

Interstate Funding Corp. Petitioner

BY:

Its Attorney

BRIAN BURAK 6224580
ATTORNEY FOR PETITIONER
3116 RFD
LONG GROVE, IL 60047
(847) 456-1999
taxsalelawyer@gmail.com

Certificate  **14-00482**

STATE OF ILLINOIS )
) ss
COUNTY OF WILL )

I, **NANCY SCHULTZ VOOTS**, County Clerk in and for the County and State aforesaid, do
hereby certify that  INTERSTATE FUNDING CORP.                                                     did on
DECEMBER  3, 2015        between the hours of nine o'clock a.m. and four o'clock p.m. of the said
day, purchase at the public auction, at the County Office Building in Joliet, in said County, the real estate
below described, situated in the said County of Will, for the delinquent taxes and interest and costs
due thereon, for the year      2014        and paid as purchase money the total amount stated herein.

### NAME OF ASSESSEE AND PROPERTY DESCRIPTION

03-02-401-043-0000

EASLEY JOHN CHRISTIE
14136 HUNT CLUB LN
PLAINFIELD IL
60544

| That said purchase was made on the basis of and for the rate of  00  per cent penalty | Total amount paid by purchaser | 22,428.87 |
| --- | --- | --- |

The above named purchaser, his heirs or assigns, will upon application and compliance with the provisions of
law pertaining thereto, be entitled to a deed of conveyance for any real estate herein described which shall not have
been redeemed, provided that unless the holder of the certificate shall take out said deed as entitled by law, and file
the same for record within one year from and after the time for redemption expires, the said certificate or deed, and
the sale upon which it is based, shall, from and after the expiration of such one year, be absolutely null.

IN WITNESS WHEREOF, I hereunto set my name at my office at Joliet,                    DECEMBER  9, 2015

*Nancy Schultz Voots*
County Clerk

*Steve Clacke*
County Collector

Amount of sale received and certificate hereby countersigned.

1264

NOT AN OFFICIAL COPY

# IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

_Interstate Funding_

**Plaintiff/Petitioner**

vs

_General Jones_

**Defendant/Respondent**

18 TX 142

CASE NO: ~~18 TX 235~~

_Agreed_

**ORDER**

_Burek_

| PLAINTIFF/PETITIONER PRESENT: ☐ YES ☐ NO | Judge _Anderson_ | PLAINTIFF/ PETITIONER'S ATTORNEY: ~~F. Clark~~ | PRESENT: ☐ YES ☐ NO |
| DEFENDANT/RESPONDENT PRESENT: ☐ YES ☒ NO | SELF-REPRESENTED LITIGANT (SRL): ☐ PLAINTIFF/PETITIONER ☐ DEFENDANT/RESPONDENT | DEFENDANT/ RESPONDENT'S ATTORNEY: _T. Ctaki_ | PRESENT: ☐ YES ☐ NO |

Cause came on to be heard on presentation of the taxpayers, Gosley's, motion to vacate. Both parties present by counsel, and the court being fully advised in the premises, IT IS ORDERED THAT:

1. The order for Tax Deed entered herein on 4/10/15 is hereby vacated;

2. That the tax deed recorded as Document No. R2018-21379 with the office of the Will County Recorder is declared ineffective to transfer title to the property and held for naught;

3. Plaintiff's Gosley ordered to comply with Section 22-80 of the Property Tax Code within 90 days of today's date;

4. Cause set for status on §22-80 compliance on 9/19/19 at 9:00 p.m.

Dated: _____ 6/5 ____, 20 19

Enter: _____
                         Judge

_____
(Signature of Plaintiff/Petitioner or Plaintiff/Petitioner's Attorney)

_____
(Signature of Defendant/Respondent or Defendant/Respondent's Attorney)

**ANDREA LYNN CHASTEEN, CLERK OF THE CIRCUIT COURT OF WILL COUNTY**

White – Court   Yellow – Plaintiff   Pink – Defendant

7C (Revised 06/17)